IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WEB 2.0 TECHNOLOGIES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-45 (MN) |
| | ) |
| CREATECH GROUP INC. D/B/A GOODDAY, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM ORDER</u>**

At Wilmington, this 20th day of December 2024;

WHEREAS, on January 13, 2023, Plaintiff Web 2.0 Technologies LLC ("Plaintiff") filed a complaint for patent infringement of U.S. Patent Nos. 6,845,448 and 8,117,644 against Defendant Createch Group Inc. ("Defendant"), (D.I. 1), a copy of which was duly served on Defendant on March 29, 2023 (D.I. 5, 7, 15 ¶ 2);

WHEREAS, Defendant did not answer the complaint, move to dismiss, or otherwise appear (*see* D.I. 15 ¶ 6);

WHEREAS, on September 8, 2023, Plaintiff filed a Request for Entry of Default as to Defendant, (D.I. 9), a copy of which was duly served on Defendant on September 20, 2023 (D.I. 12);

WHEREAS, on October 20, 2023, the Clerk of Court entered a Clerk's Entry of Default as to Defendant, (D.I. 13), a copy of which was duly served on Defendant on October 24, 2023 (D.I. 16);

WHEREAS, on April 23, 2024, Plaintiff filed a motion for default judgment, (D.I. 15), a copy of which was duly served on Defendant the same day "via United States Postal Service

Priority Mail as well as served via process server on Defendant GoodDay's Delaware registered agent," (*id.* at 3);

WHEREAS, Defendant has neither responded to the motion, nor taken any other action in this case to date.

THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment against Defendant (D.I. 15) is **GRANTED**. A party seeking to obtain a default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2), must first request that the Clerk of the Court enter the default of the party that has not answered or otherwise defended against the pleading within the time required by the rules or as extended by court order, pursuant to Federal Rule of Civil Procedure 55(a). Plaintiff satisfied this requirement. (*See* D.I. 9, 13). Thereafter, with the filing of a motion for default judgment, "the entry of a default judgment is left primarily to the discretion of the district court," but "discretion is not without limits," and the preference is for cases to "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). "[I]n exercising its discretion, the trial court must consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable misconduct." *Id.* at 1181. To date, Defendant has ignored Court Orders, asserted no defense (let alone a meritorious one), and taken no action in this case. (*See* D.I. 15 ¶ 6). Accordingly, as a result of Defendant's conduct, default is warranted.

2. In its motion, Plaintiff's request for relief asks that "the Court enter a Default Judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, against Defendant and in favor of Plaintiff, for infringement of U.S. Patent Nos. 6,845,448 and 8,117,644." (D.I 15 at 2). The Court has already determined that this is appropriate. In its proposed order, however, Plaintiff

seeks an order "that Defendant is to immediately cease and desist from infringing upon Plaintiff's U.S. Patent Nos. 6,845,448 and 8,117,644 in the manner alleged in Plaintiff's Complaint." (D.I. 15-1 at 1). That request is tantamount to a motion for permanent injunction. A court may award injunctive relief under the Patent Act. *See* 35 U.S.C. § 283. Generally, a party prevailing on the merits must show four factors to obtain a permanent injunction: (1) it will suffer irreparable injury; (2) no remedy available at law would be sufficient; (3) the balance of hardships tips in its favor; and (4) the injunction would serve public interests. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). In the "specialized context" of a default judgment, where the defendant does not respond and the plaintiff cannot quantify its damages, these factors generally weigh in favor of injunctive relief. *See Ottomanson, Inc. v. UCAI, LLC*, 2020 WL 205945, at *4 (D.N.J. Jan. 10, 2020) ("Merely enjoining infringement does not deprive the defendant of anything to which it is entitled, and it is in the public interest to do so."). In this case, however, Plaintiff did not seek an injunction in its prayer for relief in its Complaint, (*see* D.I. 1 at 26), and Plaintiff has offered no argument or evidence that would allow the Court to make any findings that it is entitled to such relief.

IT IS FURTHER ORDERED that the Clerk of Court shall mail a copy of this Memorandum Order to Defendant Createch Group Inc.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge